CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN 11 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| YVONNE SPENCER, ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00739 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| VDOC, et al., ) | |
| Defendants. ) | By: Hon. Jackson L. Kiser |
| ) | Senior United States District Judge |

Plaintiff Yvonne Spencer, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In her complaint, plaintiff states that on December 16, 2005, the van in which she was being transported from the Pocahontas Correctional Center in Chesterfield, Virginia ("Pocahontas"), to the Fluvanna Correctional Center for Women in Troy, Virginia ("Fluvanna"), was involved in an accident on westbound I-64.[1] Plaintiff maintains that the van was driven by a correctional officer and that plaintiff, who was "handcuffed and shackled," was not secured with a seat belt, although the van was equipped with seat belts. In plaintiff's view, her "[r]ights were violated by D.O.C. by not assuring [her] safety during transportation" and by "delayed medical attention." She seeks $60,000 in money damages.

After reviewing plaintiff's complaint, I am of the opinion that she has failed to raise any claim of constitutional magnitude. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### I. Analysis

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must

---

[1] At the time of the accident, plaintiff was in the custody of Pocahontas, which is in the Eastern District of Virginia. Although I decline to do so, I could transfer this case to the Eastern District.

establish that she has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

## A. The Accident

Spencer states that Virginia law mandates "that all passengers wear seat belts." Furthermore, she asserts that there were three additional inmates in the van at the time of the accident, but that there "was only one security staff" – specifically, the driver – for the four inmates. She adds that, after the wreck, it took forty-five minutes to an hour for the Virginia State Police to arrive, an additional forty-five minutes after that for the van to be turned upright so the passengers could be removed from the van, and an additional forty-five minutes for plaintiff to be transported to the University of Virginia hospital, where she was given "numerous" x-rays and "diagnosed with a bad case of whiplash." The crux of her argument is that her constitutional rights were violated because she was not restrained with a seat belt, and that she would have been removed from the wrecked van more quickly if more than one prison official had been on board the van.

When a prison official is accused of deliberate indifference to a serious risk of harm, that claim is properly considered under the Eighth Amendment. In its prohibition of cruel and unusual punishment, the Eighth Amendment imposes a duty on prison officials to ensure that inmates receive adequate food, clothing, and medical care and must "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). When an inmate raises a

2

claim based on failure to protect, the inmate must show that she is incarcerated under conditions posing a substantial risk of serious harm and that prison officials have a deliberate indifference to the risk posed to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 835 (1994). Thus, to be liable a prison official must know of and disregard an excessive risk to inmate health and safety. Id. at 837. Mere negligence as to the inmate's safety is insufficient to state a constitutionally cognizable claim. Id. at 838; Estelle v. v. Gamble, 492 U.S. 97, 104 (1976). See also Young v. City of Mt. Ranier, 238 F.3d 567, 575 (4th Cir. 2001) (explaining that the deliberate indifference standard for claims alleging inadequate medical care is also applicable when prison officials fail to protect inmates from other sources of harm). In the instant circumstances, a deliberate indifference claim "requires a showing that the [officials] actually knew of and disregarded a substantial risk of serious injury to the [inmate]. . . ." Id. at 575-576.

Plaintiff's allegations amount to claims of negligence, not deliberate indifference. Accordingly, plaintiff's contentions are not actionable under the Eighth Amendment. Plaintiff's claim that Virginia law mandates "that all passengers wear seat belts" does not state a constitutional right. Rather, such a claim alleges that defendants had a duty that would arise, if at all, under state negligence laws and does not present a colorable claim under § 1983. See Estelle, supra, at 105-106. And, although plaintiff believes that the institutional staff failed to protect her by having only one prison guard aboard the van with four inmates, such actions do not indicate a deliberate indifference to a risk posed to inmate safety, and do not rise to the level of a federal constitutional violation.[2]

---

[2] Moreover, it is not at all apparent that, in the event of an accident, having more prison personnel aboard the van would have resulted in plaintiff being cleared from the wreck any sooner. The deliberate indifference standard does not require that institutional staff be prepared for any and every remote circumstance that might result in harm to inmates. Having only one guard aboard the van is not a condition posing a substantial risk of serious harm. See Farmer, supra, 511 U.S. at 835.

3

I find that plaintiff's claims regarding the accident allege mere negligence, not constitutionally cognizable claims, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## B. Subsequent Medical Treatment

Plaintiff states that, after her removal from the wrecked vehicle on December 16, 2005, she was transported to the hospital at the University of Virginia, where she was subjected to "numerous" x-rays and "was diagnosed with a bad case of whiplash" and sent on to Fluvanna. She states that on December 18, 2005, at 1 p.m., she "was in so much pain" that she asked a correctional officer "to call medical to see if I could see a doctor because the pains I was having in my right side was aching from my face, ears, neck, arm and back." She repeated the request "[a]t 2:24 the same day." She was told "to put in a sick call." She states that, the next day, on December 19, 2005, she was seen in sick call. The doctor there examined her and "said the pains I was having was [sic] coming from the accident" and "stated that [plaintiff] had a bad case of whiplash." She was informed that, after January 31, 2006, she would have to pay for any sick call treatment related to the accident. "About a month after that" date, she states, she "started having difficulty holding [her] neck in an upright position and experiencing excruciating pains in [her] back." She was treated in sick call and was required "to pay for [a] cervical collar at $2.84 plus $2.00 for a prescription."[3]

Plaintiff states that she is "experiencing problem[s] that were not present prior to this incident" and that she believes that the accident has exacerbated "difficulty [she] was having with Sciatica Nerve problem [sic]." She asserts that "[a]dequate medical care is all ways [sic] pills that don't work." She adds: "I am 52 years old, I know my body. I can't do the work that my trades cause [sic] for because I am still having problems with my neck. After a while dealing with medical

---

[3] Documentation submitted by plaintiff indicates that she received this treatment on March 1, 2006.

4

you just give up."

Generally, an allegation of mere negligence as to an inmate's health and safety is not actionable under §1983. See Daniels v. Williams, 474 U.S. 327 (1986); see also Davidson v. Cannon, 474 U.S. 344 (1986). Further, in order to state an Eighth Amendment claim of inadequate medical care, a plaintiff must allege facts sufficient to demonstrate deliberate indifference to a serious medical need. Estelle, supra, 429 U.S. at 104. To establish deliberate indifference, a plaintiff must present facts to evince that the named defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer, supra; see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). To bring such a claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with a prison doctor's treatment, or tacitly authorized or were indifferent to the prison physician's misconduct. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Plaintiff has not alleged any facts which suggest that the named defendants, none of whom are medical personnel, participated in any such conduct.

Moreover, disagreements between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Additionally, an inmate is not entitled to unqualified access to health care; rather, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). Nor are inmates entitled to free medical care; thus, an inmate's displeasure or claim for relief regarding a co-pay requirement does not present a constitutional claim.

Johnson v. Dep't of Pub. Safety & Corr. Serv., 885 F.Supp. 817 (D. Md. 1995). Furthermore, the allocation of the cost of the medical care is a matter of state law. See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 245 (1983). Accordingly, plaintiff's contentions are not actionable under the Eighth Amendment. Although plaintiff believes that the institutional staff or medical staff failed to treat her medical needs by not giving her free medical care and by not giving her diagnoses with which she agrees, such actions do not rise to the level of a federal constitutional violation. Rather, such claims would arise, if at all, under state medical malpractice laws and do not present a colorable claim under § 1983. See Estelle, supra, at 105-106.

Based on the foregoing, I find that plaintiff has not presented claims that constitute a violation of her constitutional rights. Therefore, I dismiss these claims without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## II. Conclusion

Based on the foregoing, I find that Spencer has failed to raise any claim of constitutional magnitude. Accordingly, I will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The plaintiff is advised that she may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 11th day of January, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge